UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICARDO DELACRUZ CABUGAWAN,<br><br>Plaintiff<br><br>v.<br><br>MONICA DANA,<br><br>Defendant | Case No.: 3:24-cv-00251-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names defendant Monica Dana, whom the complaint indicates is in human resources at Panasonic in Storey County, Nevada. (ECF No. 1-1 at 2.) Plaintiff alleges that he was discriminated against based on his age (he is 50 years old), his ethnicity and race, and based on his medical condition of hypertension, which resulted in his being forced to leave his employment without pay from December 27, 2022, until the end of May 2023. (*Id*. at 4.)

His complaint includes as an attachment his right to sue letter from the United States Equal Employment Opportunity Commission (EEOC), which was copied to a Kelly Peters at Panasonic Corporation of America. (ECF No. 1-3 at 4.)

Title VII of the Civil Rights Act of 1964 prohibits discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2. Discrimination based on age is covered by the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621, *et. seq*.

While Plaintiff includes a general allegation that he was discriminated against based on age, race, and national origin, he does not include any *factual* allegations asserting how he was discriminated against, when, where, or by whom.

He also mentions his medical condition of hypertension, but again, he does not allege any *facts* to show how he was discriminated against based on his medical condition. Nor does he indicate what rights were violated as a result of any alleged discrimination based on his medical condition, such as the Americans with Disabilities Act (ADA). If he does intend to proceed under the ADA, he does not allege whether hypertension qualifies as a disability under the ADA.

Finally, Monica Dana is not a proper defendant under Title VII, the ADEA, or the ADA. *Craig v. M & O Agencies Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (citations omitted) (individual co-workers or supervisory defendants cannot be held liable for damages under Title VII because only the entity that is the employer is a proper defendant); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (citations omitted) (individual defendants, including a supervisor or manager whose acts are attributed to the employer, are not personally liable under the ADEA); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (individual defendants cannot be personally held liable for violations of the ADA). Instead, the employer is the proper defendant under Title VII, the ADEA, or ADA, which in this case, appears to be Panasonic.

Plaintiff's complaint will be dismissed without prejudice, and he will be given an opportunity to amend to correct the deficiencies noted above.

## III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: July 19, 2024

_____
Craig S. Denney
United States Magistrate Judge