UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICARDO CABUGAWAN, | Case No.: 3:24-cv-00251-MMD-CSD |
| Plaintiff | **Report & Recommendation of U.S. Magistrate Judge** |
| v. | Re: ECF Nos. 5, 5-1 |
| MONICA DANA, | |
| Defendant | |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's first amended complaint (FAC) (ECF Nos. 5, 5-1), which the court screens pursuant to 28 U.S.C. § 1915(e).

**I. BACKGROUND**

Plaintiff filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) The complaint named Monica Dana, who was alleged to be in human resources at Panasonic in Storey County, Nevada. Plaintiff alleged that he was discriminated against based on his age, ethnicity and race, and based on his medical condition of hypertension, which resulted in his being placed on forced leave without pay from December 27, 2022 until the end of May 2023. His complaint included a right to sue letter from the Equal Employment Opportunity Commission (EEOC).

The court granted the IFP application and screened Plaintiff's original complaint. (ECF No. 3.) The court noted that Title VII of the Civil Rights Act of 1964 prohibits discrimination

based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2. In addition, discrimination based on age is covered by the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621, *et. seq*.

While Plaintiff included a general allegation that he was discriminated against based on age, race, and national origin, he did not include any *factual* allegations asserting how he was discriminated against, when, where, or by whom.

In addition, while Plaintiff mentioned his medical condition of hypertension, he did not allege any *facts* to show how he was discriminated based on his medical condition, or what rights were violated as a result of such alleged discrimination, such as the Americans with Disabilities Act (ADA).

Finally, the court advised Plaintiff that Monica Dana is not a proper defendant under Title VII, the ADEA, or the ADA.

As such, Plaintiff's complaint was dismissed, but Plaintiff was given leave to amend.

On August 14, 2024, Plaintiff filed his FAC, which the court now screens.

## II. SCREENING THE FAC

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

**B. Plaintiff's FAC**

Plaintiff's FAC again names Monica Dana as the defendant. Plaintiff mentions discrimination based on age (he is 51 years old), medical condition (hypertension) and his race (Asian Filipino). He avers that Monica Dana, who is in human resources at Panasonic, wrongfully put him on forced leave without pay for five months. He asserts that Ms. Dana did not help him to get compensated and after he had returned to work for three months, and then she framed him to get fired.

Plaintiff alleges that he started working at Panasonic on November 1, 2021. He was eventually promoted to work on the high speed line. After working on the high speed line, Plaintiff noticed that his blood pressure had become elevated. He talked to Ms. Dana toward the end of December 2022, and she told Plaintiff she would set up an appointment for him to speak to the management group. She also told him to forward the grievances and "anomalies" he had been observing.[1] The plant manager subsequently told Plaintiff to mind his own business. Plaintiff was then told that he would not be transferred to the regular speed line, and he reminded "them" that his hypertension had gotten worse since he had been working on the high speed line. Plaintiff said he would have a heart attack or stroke and they would be liable, and Ms. Dana responded by shouting at him, "Are you threatening us!"

Plaintiff alleges that Ms. Dana suspended him that night of December 27, 2022, and she forced him onto leave against his will because of his hypertension problems. Plaintiff told her

---

[1] Plaintiff includes allegations of hardworking individuals at Panasonic not getting timely promoted, but there is no connection between this allegation and his assertion that he was discriminated against based on his age, race or medical condition.

4

that he was still capable of working, and Ms. Dana told him to contact Mr. Matthews of the human resources leave team to coordinate with the health insurance provider.

After five months, Plaintiff returned to work, and he asked to be compensated for the time he was on leave. Then, on September 3, 2023, Plaintiff was escorted out of the factory without explanation. Plaintiff was then unemployed for seven months.

Once again, Plaintiff includes no factual allegations to support a claim that he was discriminated against because of his age or his race. Instead, his allegations focus on the fact that he was placed on leave without pay status for five months after disclosing he suffered from hypertension related to his job position, and when after he had returned to work for three months, he was fired without explanation after he had asked to be compensated for the time he was out on leave.

Plaintiff still fails to state a colorable claim under either Title VII or the ADEA. As Plaintiff has already been given leave to amend, his claims under Title VII for discrimination based on his race, and under the ADEA for discrimination based on his age, should be dismissed with prejudice.

Plaintiff attaches to his FAC various medical records as well as W-2 records, which the Clerk has filed under seal because they contain information that is required to be redacted under Federal Rule of Civil Procedure 5.2. The records include an assessment from a medical provider that Plaintiff had multiple cardiac risk factors and experienced chest pain and palpitations secondary to working in a stressful and faced-paced environment. The provider indicated that his condition limited his major life activities, and he required a workplace accommodation to work in a slower-paced, less stressful environment. (ECF No. 5-1.)

The ADA prohibits covered employers from discriminating "against qualified individuals on the basis of disability in regard to" certain employment actions. 42 U.S.C. § 12112(a). Discrimination under the ADA can include failing to provide reasonable accommodations to an employee or terminating an employee on the basis of their disability. 42 U.S.C. § 12112(b)(5)(A).

Construing this pro se Plaintiff's allegations very liberally, Plaintiff arguably states a claim for disability discrimination under the ADA as a result of the alleged failure to provide him with a reasonable accommodation (i.e., moving him to a slower-paced, less stressful work environment) instead of placing him on leave without pay status, and then terminating him after he asked to be compensated for the time he was placed on leave for his disability. Plaintiff, however, still has not sued the correct defendant. As the court previously advised Plaintiff, an individual cannot be held personally liable for violations of the ADA. *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006). Instead, the employer is the proper defendant under the ADA, which in this case, appears to be Panasonic. As such, Plaintiff should be given leave to amend to attempt to assert a colorable ADA claim against the proper defendant.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Plaintiff's claims under Title VII and the ADEA should be **DISMISSED WITH PREJUDICE**;

(2) Plaintiff's claim(s) under the ADA should be **DISMISSED WITH LEAVE TO AMEND** to be asserted against a proper defendant;

(3) Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file a second amended complaint correcting the deficiencies noted

6

above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the second amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "SECOND AMENDED COMPLAINT." Plaintiff should be cautioned that if he fails to timely file a second amended complaint, his action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 26, 2024

_____
Craig S. Denney
United States Magistrate Judge

7